IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:08CR186 |
| v. | ) | |
| | ) | Hon. Claude M. Hilton |
| JACOB SCOTT STAHLER, | ) | |
| | ) | Sentencing Date: August 22, 2008 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING FACTORS**

COMES NOW, the United States of America, through its attorneys, Chuck Rosenberg, United States Attorney, and Jay V. Prabhu, Assistant United States Attorney, and in accord with the local rules, 18 U.S.C. § 3553(a), and the United States Sentencing Commission, *Guidelines Manual,* §2B5.3 (Nov. 2004), files this Position of the United States with Respect to the Sentencing Factors in the case of JACOB SCOTT STAHLER (1:08cr186).  The United States refers the Court to its previously filed GOVERNMENT'S SECTION 5K1.1 MOTION FOR A DOWNWARD DEPARTURE FROM THE GUIDELINES in this matter, where the United States recommended a 50% reduction in the Defendant's sentence and enumerated the specific justifications for that recommendation.

Due to the Defendant's cooperation and consideration of the other sentencing factors under 18 U.S.C. § 3553, the United States requests that the Court sentence Defendant JACOB SCOTT STAHLER to a sentence of 0-6 months in Zone A under the advisory Sentencing Guidelines.  Such a result would recognize both the seriousness of the Defendant's illegal

conduct and the immense value of the Defendant's subsequent active cooperation and trial testimony.

## I. BACKGROUND

As set forth in the Presentence Report and the Statement of Facts, the Defendant was a member of an Internet pre-release music group called "Apocalypse Crew" or "aPC." The Defendant has acknowledged that he did willfully enter into an agreement with one or more individuals for the express purpose of unlawfully reproducing and distributing copyrighted materials via the Internet. Defendant also acknowledges that, through the acts of himself and others in the conspiracy, aPC caused the reproduction and distribution over the Internet of copyrighted works with a total infringement amount of more than $30,000 and less than $70,000.

On May 19, 2008, the Defendant pled guilty to a single count criminal information of conspiracy to commit copyright infringement, in violation of Title 18, United States Code, Section 371. On that date, the Court accepted the defendant's plea of guilty to the information.

In this case, there was both an agreed-upon statement of facts and a plea agreement. In the statement of facts and before the Court, the Defendant admitted his unlawful conduct. Based on this record, the Presentence Report properly calculated that the Adjusted Offense Level for the defendant's conduct was 16: Sentencing Guideline 2B5.3(a) provides for an offense level of 8 for criminal copyright infringement; Guideline 2B5.3(b)(1)(B) provides an additional six-level upward adjustment for an offense with an infringement amount greater than $30,000, but less than $70,000; and Guideline 2B5.3(b)(3) provides an additional two-level upward adjustment for an offense involving the uploading of infringed items. In the event that the government files a motion with the Court for a Section 3E1.1(b) one-level reduction and assuming the Defendant

receives the two-level reduction for acceptance of responsibility, the Defendant will have an Offense Level Total of 13. The Presentence Report further calculates that the Defendant has a Criminal History Category of I. With an Offense Level Total of 13 and the Defendant's Criminal History Category of I, the advisory Sentencing Guidelines range for the Defendant, in absence of cooperation, is properly calculated as 12-18 months. Since the United States has recommended that the Court depart downward 50% pursuant to Rule 5k1.1 for the Defendant's cooperation, it would be appropriate for the Court to impose a sentence of 0-6 months in Zone A under the advisory Sentencing Guidelines.

## II.     ARGUMENT

### A.     Applicable Legal Standards.

The Supreme Court has declared that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines, therefore, remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

**B.     A Sentence Within the Sentencing Guidelines Would Be Reasonable and Appropriate in Light of Recent Supreme Court Rulings.**

The government's recommendation of a within-guideline sentence is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. While, to be sure, "[i]n accord with 18 U.S.C. § 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence," Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), it remains the case that "the Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise,'" id. at 574 (quoting United States v. Pruitt, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)).

Thus, the Supreme Court recently stated that "[w]e have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Kimbrough, 128 S. Ct. at 574 (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)).

    **C.    A Sentence within Zone A is Reasonable In Light Of the Serious Nature Of Defendant's Criminal Conduct.**

There can be no question that the Defendant engaged in serious crimes that harmed individuals and businesses; in fact, the total infringement amount attributable to the conspiracy of which the Defendant was a member is over $50,000.  Given the nature of the Defendant's criminal conduct and the impact and the harm to the public, the United States believes that an appropriate sentence would fall within Zone A under the advisory Sentencing Guidelines.

    **D.    A Sentence within Zone A is Justified by the Length, Quality, and Productive Nature of the Defendant's Cooperation with the FBI.**

As detailed in the memorandum filed with the government's motion for a downward departure under Rule 5k1.1, the Defendant actively cooperated with the Federal Bureau of Investigation for approximately two years on a nearly daily basis.  His cooperation significantly aided the FBI's investigation of the Internet piracy scene.  The Defendant worked very closely with a FBI agent who found him to be truthful and eager to do his part to make up for his illegal conduct.

By comparison, Mark Shumaker (1:03cr00326-01), who was the leader of the same group to which the Defendant belonged (APC), actively cooperated with the Government for approximately six months after pleading guilty in August 21, 2003 to copyright infringement.  The government recommended a 40% reduction under Rule 5k1.1, and he was sentenced by U.S. District Court Judge Gerald Bruce Lee to 2 years probation and 100 hours of community service on May 28, 2004.

But Mr. Stahler's lengthier and more involved active cooperation had an additional component that Mr. Shumaker did not: trial testimony on May 20, 2008 that played a significant

role in the conviction of one of his co-conspirators. (i.e., Barry E. Gitarts (1:07cr464) (J. O'Grady)). As such, the government believes a sentence no greater than that given to Mr. Shumaker would be appropriate for Mr. Stahler.

### E. Comparative Sentences Given to Similarly Situated Defendants also Counsels a Sentence within Zone A

With respect to 18 U.S.C. § 3553(a)(6), which deals with sentencing disparities, the Government would note for the Court, in addition to his Mark Shumaker who was given two years of probation and 100 hours of community service, a number of co-conspirators of the Defendant have been sentenced in this courthouse. Another recipient of a 5k1.1 downward departure motion with a 50% reduction recommendation was Jonathan Reyes (1:07CR48). The government believes his cooperation is comparable with that of Mr. Stahler. He actively cooperated against members of Internet Piracy groups for almost two years, and he is likely to testify against a number of them. Judge Brinkema sentenced Reyes to probation, with two years of supervised release, and 50 hours of community service. The government believes a similar sentence would be appropriate here.

Two additional cooperators in the investigation have so far received Rule 35 departures: this Court sentenced Jason M. Patton (1:06CR249) to six months home confinement, while U.S. District Court Judge T.S. Ellis III sentenced Bruce W. Huckfeldt, Jr. (1:06CR304), to one month incarceration and three months community confinement. Neither of these individuals provided as valuable or extensive cooperation as the Defendant, nor did they testify at any trial.

Most of Mr. Stahler's co-conspirators who did not provide substantial assistance to the Government have received sentences of less than six months imprisonment or some period of

home confinement: in 1:06CR41, this Court sentenced Aaron Jones to six months imprisonment and six months of home confinement, Matthew Howard to 10 months home confinement, Alan Brown to 8 months home confinement, and Derek Borchardt to 6 months home confinement; while in 1:06CR254, Judge Ellis sentenced Michael Kekelis to 45 days incarceration and 45 days community confinement.  Given the Defendant's extensive cooperation, the government believes that he should not get a sentence greater than any of these co-conspirators.

    **F.**    **In the Event that the Court Sentences the Defendant to a Period of Probation, the Government Would Request a Significant Period of <u>Community Service</u>**

Though the Defendant deserves great credit for his cooperation, it is important to send a strong, clear message as a matter of general deterrence that intellectual property thieves will be punished and that the punishment will be significant.  The Government believes, therefore, that in the event that the Court imposes a sentence of probation on the Defendant that there also be a requirement that the Defendant complete a significant period of community service, preferably working with intellectual property associations to publicize the negative consequences of Internet piracy.

**III.     CONCLUSION**

For the reasons set forth above, the United States requests a sentence within Zone A for the Defendant JACOB SCOTT STAHLER on the sole count of the criminal information.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

  /s/
Jay V. Prabhu
Attorney for United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address: jay.prabhu@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to the following:

William O. Douglas Loeffler
60 East D Street
Brunswick, MD  21716
(301) 834-6633

williamodouglas@aol.com

*Counsel for Jacob Scott Stahler*

       /s/
Jay V. Prabhu
Attorney for United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
FAX: 703-299-3981
Email Address: jay.prabhu@usdoj.gov